```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION
```

KEITH ALLEN LANE,                )
                                 )
            Petitioner,           )
                                 )
        v.                       )        No. 4:06 CV 1053 DDN
                                 )
JAMES PURKETT,                   )
                                 )
            Respondent.           )

**MEMORANDUM**

This action is before the court upon the petition of Missouri state prisoner Keith Allen Lane for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 10.)

### I. STATE COURT PROCEEDINGS

On October 2, 2002, following a non-jury trial in the Circuit Court of St. Charles County, Missouri, petitioner Lane was found guilty of two counts of first degree statutory rape, four counts of first degree statutory sodomy, two counts of incest, and two counts of abuse of a child. (Doc. 9, Ex. A at 48-50.) He was sentenced as a prior offender, a persistent offender, and a predatory sexual offender to six life sentences, and ordered into the custody of the Missouri Department of Corrections on January 30, 2003. (Id. at 51-60.)

On direct appeal, the Missouri Court of Appeals affirmed his conviction. Missouri v. Lane, 131 S.W.3d 855 (Mo. Ct. App. 2004)(per curiam); (Doc. 9, Ex. G.). Petitioner thereafter moved for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. The circuit court denied the motion for post-conviction relief without a hearing. The Missouri Court of Appeals affirmed. Lane v. Missouri, 187 S.W.3d 881 (Mo. Ct. App. 2006)(per curiam); (Doc. 9, Ex. K.).

## II. FEDERAL HABEAS GROUNDS

In his federal petition for a writ of habeas corpus, petitioner alleges four grounds for relief:

1. Petitioner received ineffective assistance of counsel because:

   a. His trial counsel advised him against accepting the plea bargain offered by the state.

   b. Petitioner requested a new public defender but was told by his then current public defender that, if he fired her, he would have to defend himself. So, petitioner changed his mind and did not request new counsel.

   c. Petitioner asked his counsel to call character witnesses, but she refused.

2. Petitioner received excessive sentences. The charged crimes were all one occurrence, and the two prior convictions used to charge petitioner as a sexual predator were the product of out-of-state guilty pleas.

3. Petitioner received ineffective assistance of counsel because trial counsel did not present expert witness testimony that he was high on LSD at the time of the offense.

4. Petitioner was denied a fair trial due to the trial court's failure to grant a change of venue or his trial counsel's failure to seek one.

Respondent argues that all four grounds are procedurally barred, are without merit, or are not cognizable grounds for federal habeas relief.

## III. DISCUSSION

**Procedural Bar**

Respondent argues that all of petitioner's grounds are procedurally barred in this court because they were defaulted in the state court.

> Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted. Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims.

Skillicorn v. Luebbers, 475 F.3d 965, 976-77 (8th Cir. 2007), cert. denied, 128 S.Ct. 297 (2007). The federal grounds must have been presented to both the state trial court and appellate court. Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997).

Petitioner failed to raise any of his four grounds for relief on direct appeal. The only issue raised upon direct appeal was whether the timing of an out-of-state conviction rendered it inapplicable to the court's finding that petitioner was a predatory sexual offender, because this guilty plea predated the effective date of the applicable Missouri statute. (Doc. 9, Ex. G at 3.)

Petitioner also failed to raise any of these four grounds in his motion for post-conviction relief. Instead, his post-conviction relief motion was based solely on the proposition that petitioner's sentence was excessive when compared with another similarly situated defendant[1] who was sentenced by the same judge on the same day. (Id., Ex. I at 10.) In substance, the post-conviction claim was that petitioner was sentenced to six consecutive life sentences as punishment for taking his case to trial. Because the claims raised in the present petition were not raised during direct appeal nor during post-conviction proceedings, all four grounds are procedurally barred.

Petitioner may avoid the procedural bar to federal habeas review if he can demonstrate cause for the default and prejudice resulting from it, or if he can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

To establish cause for a procedural default, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with state procedural requirements. Id. at 750-52. Petitioner has not argued that any objective factor external to his defense has impeded his efforts to comply with the state procedural

---

[1]The other defendant referred to in the post-conviction relief motion entered into a plea agreement and was sentenced to twenty years imprisonment on the same day that petitioner was sentenced to six consecutive life sentences. Both cases involve charges of sexual abuse committed against the defendants' natural offspring. (Doc. 9, Ex. I at 12-13.)

requirements. Lack of education or legal training and pro se status on the part of petitioner are not legally sufficient cause for procedural default. See Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). The failure of petitioner to learn from his attorney about a legal point is not sufficient cause. Duvall v. Purkett, 15 F.3d 745, 748 (8th Cir. 1994). Ineffective assistance of counsel at a state post-conviction hearing is not sufficient cause, because no constitutional right to counsel attaches at that stage of proceedings. Coleman, 501 U.S. at 752-55; Oxford v. Delo, 59 F.3d 741, 748 (8th Cir. 1995). Petitioner has failed to demonstrate legally sufficient cause for his failure to present these grounds in the state courts.

Petitioner may also avoid the procedural bar by demonstrating that the failure of this court to consider the grounds of his petition will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 735 n.1; Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994). To demonstrate failure to review his grounds for relief would result in a fundamental miscarriage of justice, a petitioner may show that he was actually innocent. Murray v. Carrier, 477 U.S. 478, 495-496 (1986). A habeas petitioner asserting actual innocence to support his allegations of constitutional error must do so with new, reliable evidence. Schlup v. Delo, 513 U.S. 298, 324 (1995). Without new evidence of innocence, even a meritorious constitutional claim is not sufficient to allow a habeas court to reach the merits of a procedurally defaulted claim. Id. at 316.

Petitioner has not claimed actual innocence in this petition.[2] Nor has petitioner presented this court with any new, reliable evidence to support such a claim of actual innocence. All four grounds of this petition are therefore procedurally barred.

Nevertheless, Congress has provided that a federal court may review alleged grounds for habeas relief on their merits, notwithstanding the failure of petitioner to exhaust available state remedies. See 28 U.S.C. § 2254(b)(2).

---

[2]The trial evidence included a video tape of petitioner committing the charged offenses upon his daughter. (e.g. Doc. 9, Ex. C at 85.)

**Standard of Review**

Relief from a state court conviction may not be granted on federal habeas corpus grounds unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The summary nature of state court decisions does not modify the standard of review used by this court. Closs v. Weber, 238 F.3d 1018, 1020 (8th Cir. 2001).

A state court decision is contrary to established federal law if it contradicts the governing Supreme Court cases on a question of law or if, when confronting facts "materially indistinguishable" from the facts addressed in a Supreme Court decision, it reaches a different result. Williams v. Taylor, 529 U.S. 362, 406 (2000).

**Ineffective Assistance of Counsel**

In his first and third grounds for relief,[3] petitioner alleges ineffective assistance of trial counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court defined ineffective assistance of counsel under the Sixth and Fourteenth Amendments. The Strickland test requires federal habeas corpus relief if it is shown that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

---

[3]To the extent that Ground 4 also includes allegations of ineffective assistance of counsel, this claim is also addressed in this portion of the opinion.

There are two elements to a claim of ineffective assistance of counsel. A habeas petitioner must first demonstrate that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. In this regard, petitioner must overcome a strong presumption that counsel has rendered constitutionally effective assistance. Id. at 690; Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). The strategic choices of counsel made after thorough investigation are virtually unchallengeable, and decisions following a less thorough, but nevertheless reasonable, investigation are to be upheld to the extent that they are supported by reasonable judgment. Strickland, 466 U.S. at 690-91.

If this first threshold requirement is met, petitioner must also demonstrate that the deficient performance of counsel was so prejudicial that the result of the proceedings would have been different absent the error. Id. at 687; Ford v. Armontrout, 916 F.2d 457, 460 (8th Cir. 1990). In addition, the prejudice must not be simply a "possibility" but an "actual and substantial disadvantage, infecting [petitioner's] entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). When attacking the effectiveness of counsel on constitutional grounds, the petitioner bears a heavy burden. See Middleton v. Roper, 455 F.3d 838, 846 (8th Cir. 2006), cert. denied, 127 S.Ct. 980 (2007). In the instant case, petitioner's allegations simply do not show that his trial counsel's performance fell below the objective standard of reasonableness of Strickland.

**Ground 1**

In Ground 1, petitioner alleges three instances of ineffective assistance of counsel. First, he alleges that his trial counsel advised him not to accept the plea bargain offer of the prosecutor.[4] This advice, assuming it happened as petitioner alleges, was not objectively unreasonable. The proffered recommendation was not substantially different from the sentence imposed on petitioner after the trial.

---

[4]The prosecutor was willing to recommend six life sentences and four terms of five years imprisonment, all to be served concurrently. (Doc. 9, Ex. H at 4.)

(Doc. 9, Ex. H at 4.)  Trial counsel's alleged decision not to encourage petitioner to accept the plea bargain was demonstrably a product of trial strategy, geared toward the possibility of achieving a lower sentence at trial.  Furthermore, the court does not presume that trial counsel's recommendation about whether to accept or decline a plea bargain was the sole motivating factor in petitioner's decision to proceed to trial.  Even if petitioner had entered into the proffered plea bargain with the prosecution and pled guilty, the trial court may have retained the authority to reject the prosecutor's recommendation, in which case the petitioner could have demanded a trial or could have persisted in pleading guilty, all of which, in the circumstances of this case, are factors too speculative to consider.  See Mo. S. Ct. R. 24.02(d)(4); Harrison v. Missouri, 903 S.W.2d 206, 208 (Mo. Ct. App. 1995).

Petitioner's second claim of ineffective assistance is that he was persuaded by his trial counsel to not seek new counsel because he would have to represent himself.  Based upon the state court record, this ground for relief is without merit factually.  On July 12, 2002, petitioner Lane, the prosecutor, and petitioner's counsel appeared before the court on petitioner's motion to remove his defense counsel.  (Doc. 9, Ex. A at 28.)  At that hearing, in a colloquy petitioner told the court:

> MR. LANE:     When I was first given Tracy [Ambs] as a public defender, I had a couple meetings with her, and I was concerned at the time for lack of other information that my best interest wasn't being served.  I have since come to the realization that she is strictly doing what a public defender is designed to do and no longer have the concerns I had at the time, and I'd respectfully request to pull back my request for changing lawyers.  She's doing what I have asked of her.  At the time it was basically I didn't see things happening as other guards or other inmates were telling me that they should be happening and whatnot, and I think I was concerned and worried.
>
> THE COURT:    What kind of things are you talking about?
>
> MR. LANE:  Things, just I wasn't getting information and I'm not necessarily paranoid, but it just bothered me not hearing things, and it's basically a time thing.  I

understand now that I am getting the information I have requested, it just takes time to get it.

    THE COURT:    You mean like discovery?

    MR. LANE:    Things like that, yes, ma'am.

    THE COURT:    And you realize that this is a complex case, the charges are statutory rape in the first, statutory sodomy, incest, and abuse of a child, so those probably involve very complicated issues and there might be medical records or other things that would take a while to get?

    MR. LANE:    I understand that now, yes, ma'am.

    THE COURT:    So, you're satisfied with the progress of the case?

    MR. LANE:    Yes, ma'am.

    THE COURT:    Do you have anything else that you want to put on the record at this time?

    MR. LANE:    No, ma'am.

(Doc. 9, Ex. L at 2-4.)

Upon this record, petitioner withdrew his motion to remove counsel. Petitioner had had concerns about his trial counsel's performance, but they were addressed and it was his desire that she continue as petitioner's attorney. (Id.)

This record establishes that petitioner's Ground 1(b) is factually unsupported. Petitioner did not withdraw his motion for new counsel because his attorney said he would then have to represent himself. Rather, he did so, because he was satisfied with the services his trial counsel was providing. No new motion to substitute counsel was filed between July 12 and when the trial began on September 30, 2002.

Petitioner's third allegation of ineffective assistance in Ground 1 alleges his counsel refused to call character witnesses. Petitioner does not allege who the witnesses were that he had in mind, what they would have testified to, or that he identified them to his counsel. Petitioner's failure to allege this information is fatal to his claim. Cf. Barnett v. Roper, 541 F.3d 804, 808-10 (8th Cir. 2008) (state court dismissal of ground for failure to allege this information upheld as an

independent and adequate ground for denying relief). Further, given the nature of the evidence against petitioner, including a video record of the crimes and his interview confession to the incident, counsel's failure to call witnesses could not reasonably have prejudiced petitioner; it is unlikely that the testimony of these witnesses would have produced a different outcome to the trial or sentence. Malcolm v. Houston, 518 F.3d 624, 627 (8th Cir. 2008), cert. denied, --- S.Ct. ---- (Oct. 14, 2008).

**Ground 2**

In Ground 2 of his petition, petitioner argues that he received an excessive sentence, because all of the charges arose from one incident and the enhanced sentence due to his status as a sexual predator is partially due to the prior out-of-state guilty plea. This ground raises two distinct claims that need be addressed individually.

The first claim is that the sentence imposed is excessive because all the criminal charges arose from one incident or occurrence. The Supreme Court discussed proportionality in non-capital sentencing in Solem v. Helm, 463 U.S. 277 (1983). In Solem, the court indicated a need for substantial judicial deference to the legislature's broad authority to impose criminal penalties. Id. at 290. In the instant case, this court's consideration of the sentence imposed must include analysis of "the gravity of the offense and the harshness of the penalty." Id. at 290-91. The Missouri legislature has elected to punish individual acts that are part of one episode or incident of crime, including sex crimes, separately. The decision to punish each culpable activity includes the possibility of lengthy sentences for each such act.[5] "The state is well within its rights, so far as the federal Constitution is concerned, in regarding the crimes of rape and forcible sodomy as deserving of special and severe condemnation" in the form of

---

[5]Missouri courts have held that when a sentence imposed is within the range allowed by statute, "it cannot be judged excessive, and the consecutive effect of the sentences does not constitute cruel and unusual punishment." Missouri v. Mubarak, 163 S.W.3d 624, 631 (Mo. Ct. App. 2005). Each life sentence imposed was allowable under the relevant Missouri statutes.

separate sentences for chronologically concurrent criminal acts. Pinson v. Morris, 830 F.2d 896, 897 (8th Cir. 1987). Any decision to the contrary could create a perverse incentive for defendants to commit multiple criminal acts at once. Petitioner's sentence is consistent with federal precedent and will not be disturbed.

The second claim presented in Ground 2 of this petition is that the sentence imposed by the trial court is excessive because prior out-of-state guilty pleas were improperly used to sentence petitioner as a predatory sexual offender pursuant to Mo. Rev. Stat. § 558.018.5(1). This claim asks the court to reexamine the state court's interpretation and application of state law, which is not cognizable in federal habeas corpus. See Estell v. McGuire, 502 U.S. 62, 67-68 (1991); Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994).

Therefore, Ground 2 of this petition fails.

**Ground 3**

In Ground 3, petitioner argues that trial counsel was ineffective for failing to raise a defense based on his drug use at the time of the crimes or to procure expert testimony as to diminished volitional and cognitive capacity secondary to drug use. Defense counsel could reasonably have determined that having such an expert testify at trial would have hurt petitioner's standing with the finder of fact. Defense counsel could also reasonably have determined that such defense was simply not supported by the evidence in this case.[6] Defense counsel is not expected to maintain a defense that is neither viable nor substantiated. See Honeycutt v. Roper, 426 F.3d 957, 960 (8th Cir. 2005). For these reasons, this ground must fail, because the record does not indicate that counsel's alleged action was unreasonable.

**Ground 4**

---

[6]Petitioner's mother testified that she was unaware of her son's drug use. (Doc. 9, Ex. C at 32.) Petitioner's former wife testified that she knew of his drug use, but that it made his behavior "more tolerable" rather than unpredictable or unreasonable. (Id. at 42-43.)

Ground 4 seeks relief due to the venue of his trial on two bases. First, petitioner alleges that trial counsel was constitutionally ineffective for failing to obtain a change of venue in this case. Petitioner does not allege what factors existed at the time of trial to entitle him to a change of venue. Absent even a scintilla of evidence that petitioner could have received a change of venue, this court does not find that failure to prevail upon such a motion constitutes ineffective assistance of counsel.

Second, petitioner alleges the trial court constitutionally erred in denying a change of venue in the criminal trial. This claim is without merit for three reasons. First, even in cases that involve extensive pre-trial publicity and allegations of intense community prejudice, absent some showing that the jurors had pre-conceived notions as to petitioner's guilt, this argument will fail. See Patton v. Yount, 467 U.S. 1025, 1035 (1984); Hobbs v. Lockhart, 791 F.2d 125, 128-29 (8th Cir. 1986). Petitioner does not allege harm as a result of pre-trial publicity, nor does the record before the court indicate that this is an issue. Next, this argument is without merit because petitioner waived his right to a jury trial and was tried by the court itself. A judge is presumed to be impartial, and the party who would seek to prove otherwise bears a substantial burden. Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003). Petitioner has not alleged improper bias on the part of the judge, nor does the record indicate behavior or rulings that are not impartial. Finally, venue is proper in any county where at least one element of the crime occurred. Missouri v. Dailey, 53 S.W.3d 580, 585 (Mo. Ct. App. 2001). The trial was therefore properly held in St. Charles County, and any action to transfer venue likely would have proved unsuccessful. This ground also fails.

For the foregoing reasons, the petition of Keith Allen Lane for a writ of habeas corpus is denied. Because petitioner has made no showing that any of his constitutional rights were violated, the court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

A separate order is issued herewith.

```
                                        /S/   David D. Noce
                                     **UNITED STATES MAGISTRATE JUDGE**
```

Signed on December 9, 2008.